UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAVIAH STEPHENS,

Plaintiff,

v. Case No. 26-C-607

EQUIFAX INFORMATION
SERVICES LLC,

Defendant.

---

**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

---

Plaintiff Raviah Stephens, proceeding pro se and *in forma pauperis*, commenced this action in which she[1] claims she was denied credit for a vehicle loan based on a report by Defendant Equifax Information Services LLC (Equifax) that contained inaccurate information about Plaintiff's credit history in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. In its order granting Plaintiff's motion to proceed *in forma pauperis*, the Court dismissed her original complaint without prejudice for failure to state a claim. Plaintiff filed a First Amended Complaint (FAC) on April 20, 2026, in which she alleges that Equifax violated the FCRA in three respects: (1) by failing to use reasonable procedures to assure maximum possible accuracy in violation of § 1681e(b); (2) by failing to conduct a reasonable reinvestigation upon notification of inaccuracy by Plaintiff in violation of § 1681i(a)(1)(A); and (3) by failing to provide written

---

[1] It is unclear whether Plaintiff is male or female. Plaintiff uses the possessive pronoun "his" in the First Amended Complaint, Dkt. No. 5 at 4, but used the possessive pronoun "her" in the original Complaint, Dkt. No. 1. at 5. Since Equifax refers to Plaintiff as female in its briefing, the Court will do so as well. Of course, whether Plaintiff is male or female is irrelevant to the disposition of the case, since all persons are equal before the law.

reinvestigation results in violation of § 1681i(a)(6)(A). Plaintiff further alleges that Equifax's violations were willful, thereby entitling her to statutory and punitive damages under § 1681n. The case is now before the Court on Equifax's motion to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons that follow, the motion will be denied.

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

The FAC alleges that on January 22, 2026, Plaintiff applied for a vehicle loan and was denied. FAC ¶ 22, Dkt. No. 5. The notice of denial stated that Plaintiff's Equifax consumer report had been the basis for the denial. *Id.* The FAC further alleges that the report contained "inaccurate, incomplete, and materially misleading" tradelines at the time her loan application was denied. *Id.* ¶ 7. More specifically, the FAC alleges inaccuracies in Plaintiff's report with respect to five tradelines: Navy Federal Credit Union (Navy), OpenSky Capital Bank NA (OpenSky), Educators Credit Union (Educators), Lead Bank, and Lockhart Morris & Montgomery (Lockhart). *Id.* ¶¶ 8–12. The Navy and OpenSky accounts are alleged to contain charge-off entries reported across multiple months, which "creates a misleading impression of ongoing delinquency when a charge-off is a one-time accounting event." *Id.* ¶ 8. The FAC further alleges that the reported balance for each account "is inaccurate and has not been verified" through appropriate documentation. *Id.* ¶¶ 8–9. As to the Educators and Lead Bank accounts, the FAC alleges the report shows late payments which is "inaccurate and materially misleading because Plaintiff made payments in accordance with the account terms and was not delinquent as reported." *Id.* ¶¶ 10–11. Finally, the FAC alleges that two tradelines on Plaintiff's Lockhart account "are reported as collection accounts," which is "inaccurate, incomplete, and materially misleading because the alleged debt does not belong to Plaintiff." *Id.* ¶ 12.

Plaintiff alleges that on or about December 5, 2025, she sent a written dispute to Equifax describing the inaccuracies and requested a reinvestigation pursuant to 15 U.S.C. § 1681i. *Id.* ¶ 13. Plaintiff further alleges that Equifax failed to verify the information through reasonable procedures as required by § 1681e(b). *Id.* ¶¶ 14–15. Plaintiff further alleges that Equifax failed to conduct a reasonable reinvestigation as required by § 1681i(a)(1)(A), to review all the relevant information provided by Plaintiff, to delete or modify inaccurate information, and to provide proper written reinvestigation results as required by § 1681i(a)(6)(A). *Id.* ¶¶ 16–20. Plaintiff alleges that, as a result, the inaccurate and misleading information remained on her credit report, which led to the denial of credit to obtain a vehicle loan and generally impaired her creditworthiness, causing her the loss of credit opportunities and increasing her financial burden. *Id.* ¶¶ 22–27. Plaintiff seeks statutory and punitive damages for willful noncompliance under § 1681n or, in the alternative, actual damages for negligent noncompliance under § 1681o. *Id.* ¶¶ 43–44.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss, the Court accepts the facts in the plaintiff's complaint as true and views them in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Supreme Court has held, however, that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he or she must plead "more than labels and conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's allegations must facially state a plausible claim, which requires more than a mere possibility, although it does not create a probability requirement. *Id.*

## ANALYSIS

Equifax is a consumer reporting agency (CRA) within the meaning of the FCRA. 15 U.S.C. § 1681a(f). The FCRA requires CRAs to "follow reasonable procedures to assure maximum possible accuracy" in consumer credit reports. 15 U.S.C. § 1681e(b). If the completeness or accuracy of any item of information contained in a consumer's credit report is disputed by the consumer, the consumer may notify the CRA of the dispute and the CRA must then conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate" or delete the item within thirty days of the notice. *Id.* § 1681i(a)(1)(A). In conducting the reinvestigation, the CRA shall review and consider all relevant information submitted by the consumer. *Id.* § 1681i(a)(4). The CRA is required to provide written notice to the consumer of the results of a reinvestigation within 5 business days after the completion of the reinvestigation. *Id.* § 1681i(a)(6). "If the reinvestigation does not resolve the dispute," § 1681i(b) allows a consumer to "file a brief statement setting forth the nature of the dispute." "Negligent violations of these provisions are actionable under § 1681o; willful violations carry additional penalties and are actionable under § 1681n." *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 809 (7th Cir. 2023).

Plaintiff claims that Equifax failed to follow reasonable procedures to ensure maximum possible accuracy in violation of § 1681e(b), failed to conduct a reasonable reinvestigation in response to Plaintiff's dispute in violation of § 1681i(a)(1)(A), and failed to provide Plaintiff with written reinvestigation results in violation of § 1681i(a)(6). FAC at 3–4. Plaintiff claims that she

is entitled to damages for willful noncompliance under § 1681n or, in the alternative, for negligent noncompliance under § 1681o. *Id.* ¶¶ 43–44.

**A. Reasonable procedures under § 1681e(b)**

A threshold requirement to state a claim under both § 1681e(b) and § 1681i(a) is that there is inaccurate information in a plaintiff's consumer report. *Chaitoff*, 79 F.4th at 811. Inaccuracy alone does not establish liability under § 1681e(b), however; a plaintiff must also show that the inaccuracy was caused by the agency's failure to follow reasonable procedures to assure maximum accuracy. *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971–72 (7th Cir. 2004); *see also Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("A credit reporting agency is not liable under the FCRA if it followed 'reasonable procedures to assure maximum possible accuracy,' but nonetheless reported inaccurate information in the consumer's credit report."). "The reasonableness of a reporting agency's procedures is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question." *Chaitoff*, 79 F.4th at 816 (quoting *Sarver*, 390 F.3d at 971). Likewise, a claim under § 1681i(a)(1)(A) that an agency failed to conduct a reasonable reinvestigation is usually a question of fact. *See Chaitoff,* 79 F.4th at 819 ("We establish no hard and fast rules about what is or isn't a reasonable reinvestigation . . . . The reasonableness of a CRA's reinvestigation is a question for the jury unless reasonableness is beyond dispute.").

Equifax first contends that the FAC fails to plausibly allege that the information in Plaintiff's credit report was inaccurate. Equifax argues that the allegations in the FAC are "nothing more than threadbare recitals," and that, as a result, it fails to state a claim under the FCRA. Dkt. No. 18 at 3. But the FAC alleges that the balances shown on the Navy and OpenSky accounts were inaccurate, FAC ¶¶ 8–9, that payments were incorrectly reported as delinquent on the

Educators and Lead Bank accounts, *id.* ¶¶ 10–11, and that two collection accounts listed on Lockhart are for debt that "does not belong to Plaintiff," *id.* ¶ 12. These allegations are not "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

It is true that the FAC does not provide details as to the specific amount and/or nature of the inaccuracies. In other words, it does not say what the correct balances on the Navy and OpenSky accounts were in comparison to what was reported. Nor does it allege, as to the Educators and Lead Bank accounts, the dates or amounts of the payments that were actually made as compared to the alleged late payments shown in the report. It is at least arguable that absent more concrete detail, the "doors of discovery," *Iqbal*, 556 U.S. at 678, should not be opened. After all, "not all inaccuracies [in a credit report] cause harm or present any material risk of harm." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016). But the FAC also identifies the two Lockhart collection accounts showing "the alleged debt does not belong to Plaintiff." FAC ¶ 12. Listing collection accounts for debts the consumer does not owe would certainly constitute the type of information that could cause harm or present a material risk of harm. Taken together, these allegations are sufficient to provide Equifax "fair notice of . . . the grounds upon which [the claim] rests." *Twombly*, 550 U.S. at 554. Plaintiff is not required to prove at this stage that the entries on her credit report were inaccurate, but only to "plead factual content that allows the court to draw the inference" that they were. *Iqbal*, 556 U.S. at 678. Allegations such as those in Plaintiff's FAC allow the Court to draw such an inference.

As noted above, however, inaccuracy alone does not establish liability under § 1681e(b). A plaintiff must also show that the inaccuracy was due to the agency's failure to follow reasonable procedures to assure maximum accuracy. Equifax contends that the FAC fails to allege facts that support an inference that the appearance of the allegedly inaccurate information in Plaintiff's credit

report was due to Equifax's failure to follow reasonable procedures intended to assure maximum accuracy.

Plaintiff concedes that the FAC lacks detailed and specific factual allegations as to the deficiencies in Equifax's procedures for assuring the accuracy of its reports. She explains that this is because she does not know what procedures Equifax follows to assure maximum accuracy. She notes that "a consumer generally lacks pre-discovery access to a consumer reporting agency's proprietary policies, databases, algorithms, dispute-processing systems, vendor records, and communications with furnishers." Dkt. No. 17 at 12. "Requiring Plaintiff to identify the precise internal procedural defect before Equifax discloses those procedures," she argues, "would effectively prevent consumers from bringing § 1681e(b) claims unless they already possessed a credit reporting agency's confidential operational records." *Id.*

But detailed allegations of fact concerning the CRA's procedures are not required at this stage of the proceedings. As explained above, "[t]he reasonableness of a reporting agency's procedures is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question." *Chaitoff*, 79 F.4th at 816. In this case, the FAC alleges inaccurate information as to five different tradelines. It is certainly possible that five different furnishers of information provided inaccurate information to Equifax. But it is not unreasonable to infer from the fact that five tradelines are inaccurate, assuming the allegations of the FAC are true, that Equifax's procedures are not reasonable. The motion to dismiss Plaintiff's § 1681e(b) claim is therefore denied.

**B. Reasonable Reinvestigation Procedures under § 1681i(a)**

Equifax makes essentially the same argument as to Plaintiff's reasonable reinvestigation claim under § 1681i(a). As noted above, when a consumer notifies the CRA of a dispute regarding

her credit report, the CRA is required to conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate." § 1681i(a)(1)(A). The CRA must then "provide written notice to a consumer of the results" of such reinvestigation. § 1681i(a)(6)(A). Equifax argues that the mere fact that Plaintiff's credit report remained unchanged does not mean that its reinvestigation was unreasonable.

This argument is even less persuasive than the previous one. The FAC alleges that even though Plaintiff sent a written notice to Equifax notifying it of the specific inaccuracies described in her complaint, the credit report issued by Equifax remained unchanged. The FAC alleges that not only did Equifax fail to correct the inaccuracies, but it also failed to send Plaintiff a written report of its investigation as § 1681i(a)(6)(A) requires.

The allegation that Equifax failed to correct the allegedly inaccurate information after Plaintiff notified it of the inaccuracies is sufficient to support Plaintiff's claim that Equifax failed to conduct a reasonable reinvestigation. "A credit reporting agency that has been notified of potentially inaccurate information in a consumer's credit report is in a very different position than one who has no such notice." *Henson*, 29 F.3d at 286. The inaccuracies alleged would seem to be of a kind that, if genuine, would be readily corrected. The further allegation that Equifax failed to send Plaintiff a written report of its reinvestigation suggests that the reinvestigation may not even have been performed. In any event, the motion to dismiss Plaintiff's claim under § 1681i(a) will be denied.

**C. Willfulness**

Plaintiff argues that Equifax's failure to correct the erroneous information in the report constitutes a willful violation of the FCRA under § 1681n. Dkt. No. 17 at 16. Equifax points to an Eleventh Circuit case for the proposition that "courts can—and have—disposed of willfulness

claims at the motion to dismiss stage." Dkt. No. 18 at 5 (citing *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1282–83 (11th Cir. 2017)). In *Pedro*, the court held that since the defendant CRA had not reported technically inaccurate information and had adopted one of two reasonable interpretations of an FCRA provision, the plaintiff had failed to state a claim. 868 F.3d at 1280. Here, in contrast, Plaintiff does allege that Equifax included inaccurate information on her consumer report and did not remove that information despite having been notified by Plaintiff. Equifax has not tried to justify its alleged inaccuracies as the result of a reasonable interpretation of a statutory provision, but simply denies the inaccuracies altogether. Plaintiff's allegations of willfulness are therefore sufficient to defeat a motion to dismiss at this stage. *See Killingsworth*, 507 F.3d at 623.

## CONCLUSION

For the reasons set forth above, Equifax's motion to dismiss Plaintiff's FAC for failure to state a claim (Dkt. No. 5) is **DENIED**.[2] The Clerk is directed to set this matter on the Court's calendar for a Rule 16 telephone scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of August, 2026.

William C. Griesbach
United States District Judge

[2] The Court acknowledges that Plaintiff did not timely file her response to the motion to dismiss. Equifax filed its motion to dismiss on June 24, 2026, which meant that Plaintiff's deadline to respond was July 15, 2026. Plaintiff filed the response on July 20, 2026. *See* L.R. Civil 7(b) (stating non-moving party's response due within 21 days). Although the Court has considered Plaintiff's response notwithstanding the late filing, Plaintiff is advised that failing to timely file may result in the Court deciding a motion without further input from Plaintiff.